# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA GRAHAM, | ) 1:08cv1480 OWW DLB |
| | ) |
| | ) ORDER DENYING PLAINTIFF'S |
| | ) MOTION TO COMPEL |
| Plaintiff, | ) |
| | ) (Document 28) |
| v. | ) |
| | ) |
| MADISON NATIONAL LIFE INSURANCE, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff Barbara Graham ("Plaintiff") filed the instant motion to compel production of documents on December 11, 2009. The matter was heard on January 15, 2010, before the Honorable Dennis L. Beck, United States Magistrate Judge. William Schmidt appeared on behalf of Plaintiff. Ryan Libke appeared on behalf of Defendant Madison National Life Insurance, Inc. ("Defendant").

## BACKGROUND

Plaintiff filed the instant bad faith insurance action on October 1, 2008. She filed a second amended complaint on February 5, 2009, against Defendant, the issuer of Plaintiff's Disability Insurance Policy (the "Policy").

According to the second amended complaint, Plaintiff purchased the Policy on April 23, 1997. In 2001, she sustained a right shoulder injury in a car accident and subsequently underwent a right shoulder rotator cuff repair in September 2004. Plaintiff applied for disability payments in

1

1  January 2005. The claim was approved and Plaintiff began receiving Long Term Disability

2  ("LTD") benefits, retroactive to December 9, 2004.

3  Under the Policy, LTD benefits continue after two years if the insured cannot perform any

4  gainful occupation for which the insured is "reasonably fitted."

5  In 2005, Defendant's employee, Darren Casey, stated in e-mail that it was hard to believe

6  that Plaintiff, who was a self-employed hairdresser, was living on $24,000 a year in disability

7  payments. Defendant hired a private investigator, who found no evidence of business being

8  conducted at either Plaintiff's home or shop.

9  In October 2006, Larry Feather, Director for Innovative Reinsurance Group, sent a letter

10 to Jennifer Bauman, Financial Reporting Accountant for Defendant, in which he stated that

11 Plaintiff's physician, Dr. Castanguay, did not provide any documentation to support continued

12 disability to January 1, 2007. Mr. Feather also requested an Independent Medical Examination.

13 In a November 2006, e-mail, Defendant's employee, Julie Serwer, indicated that

14 Defendant expected to cease benefits, but would determine whether an IME was needed when

15 Plaintiff submitted further claim documentation.

16 Defendant hired Corvel Corporation to provide an employment analysis, though it did not

17 attempt to explain inconsistent findings or recommendations of two doctors, Dr. Castanguay and

18 Plaintiff's primary treating physician, Dr. Chohan.

19 On March 14, 2007, Defendant terminated Plaintiff's benefits based on the report prepared

20 by Corvel Corporation. The termination date was effective December 9, 2006.

21 Based on these facts, Plaintiff alleges causes of action for declaratory relief, breach of

22 insurance contract, bad faith breach of the implied covenant of good faith and fair dealing, fraud

23 and conversion.

## DISCUSSION

25 Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

26 Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party, including the existence, description, nature, custody,
27 condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.... The information
28

sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

By this motion, Plaintiff seeks further responses to Request for Production of Documents Number 1, which seeks information from Plaintiff's claim file and information related to the decision-making process. Plaintiff believes that many e-mails showing that Defendant intended to cancel Plaintiff's policy almost immediately and began investigating ways to do so, which have been produced, have been "cut and pasted" together and are not in their original format. Plaintiff also questions Defendant's claims that no further documents exist and its characterization of certain documents as not relevant.

Defendant is not disputing relevancy, but simply asserts that there are no further documents to produce for certain requests.

In response to subsections 1(a), 1(c) and 1(e), Defendant has indicated that, after a diligent search, no further responsive documents have been found. Although Plaintiff believes that additional documents exist, Defendant is standing on its response and there appears to be no reason to compel further production.

In response to subsection 1(b), which requests "claims processing manuals, guidelines and company policies related to" the evaluation and processing of Plaintiff's complaint, Defendant explained that although a manual for *group* claims existed, there are no guidelines and/or manuals for the processing of *individual* claims. At the hearing, Defendant confirmed that such documents for individual claims do not exist. Again, Defendant has confirmed that no further documents exists and the Court will not compel further production.

Insofar as Plaintiff believes that certain documents produced were somehow altered, Plaintiff, rather than the Court, is best positioned to make such a determination through further discovery.

Accordingly, Plaintiff's motion to compel is DENIED.

IT IS SO ORDERED.

Dated:  **January 19, 2010**          /s/ **Dennis L. Beck**
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

3